UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE REALTY OF STATEN ISLAND LTD. and DENIS DONOVAN,<br><br>Defendants. | Civil No.  20-CV-4647 |

# COMPLAINT

Plaintiff, the United States of America alleges as follows:

1.  This action is brought by the United States to enforce the Fair Housing Act, as amended, 42 U.S.C. §§ 3601-3619 ("FHA").

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(a).

3.  Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this action arose in this District and the defendants reside in this District.

## FACTUAL ALLEGATIONS

4.  Defendant Village Realty of Staten Island Ltd. ("Village Realty") is a New York corporation with its principal place of business and office location at 3912 Amboy Road in Staten Island, New York.  Village Realty is a real estate agency that, until approximately April 2019, offered properties for both sale and rental.  In approximately April 2019, Village Realty ceased offering rental properties.  Village Realty now works exclusively in the sales market.

5.      Defendant Denis Donovan is a resident of Staten Island, New York and holds a license from the New York State Division of Licensing Services that authorizes him to transact business in New York as a licensed real estate sales person.  A licensed real estate sales person in New York is authorized to list and negotiate for the sale, lease, or rental of real property.  According to New York State records, Mr. Donovan is a licensed real estate sales person for Village Realty and no other realty company.  At all times relevant to this action, Mr. Donovan acted as a sales and rental agent for Village Realty.

6.      As a rental agent for Village Realty, Mr. Donovan was responsible for providing information to prospective renters about available rental units that are listed with Village Realty.  This includes showing prospective renters available units, informing prospective renters about the terms and conditions of renting available units, and securing tenants for available units.  Mr. Donovan works out of Village Realty's Staten Island office and distributes business cards with Village Realty's logo.  Mr. Donovan has the authority to act on behalf of Village Realty.

7.      The United States Department of Justice conducted testing to evaluate Defendants' compliance with the Fair Housing Act between February and May 2018.  Testing is a simulation of a housing transaction that compares the information and treatment given by housing providers to different types of home-seekers to determine whether illegal discrimination is occurring.

8.      The United States' testing revealed that Defendant Donovan has engaged in housing practices that discriminate on the basis of race or color, by treating African Americans who visit Village Realty to inquire about available rental units differently and less favorably than similarly-situated white persons who visit Village Realty for that same purpose.  Specifically, the

testing revealed that Defendant Donovan engaged in conduct including, but not limited to, the following:

    a. Defendant Donovan told African Americans about fewer units available for rent than he informed white persons about;

    b. Defendant Donovan offered white persons the opportunity to inspect available rental units the same day as their walk-in visit to Village Realty, while informing African Americans that they could inspect units only at a later date;

    c. Defendant Donovan offered rental discounts to white persons that were not offered to African Americans;

    d. Defendant Donovan offered white persons rental units in both overwhelmingly white (*i.e.,* greater than 80% white) and more integrated neighborhoods, while primarily offering African Americans units only in more integrated neighborhoods;

    e. Defendant Donovan made encouraging comments to white persons and informed them of desirable features of available rental units and the surrounding community, while failing to make such comments to African Americans and making discouraging comments about some of the units to African Americans; and

    f. Defendant Donovan appeared willing to waive certain requirements for white persons but not African Americans, by telling African Americans they would need to sign a disclosure form in order to inspect units and describing other rental requirements such as credit checks, while not mentioning such requirements to

white persons. On one occasion, Defendant Donovan showed a rental unit to a white person without first requiring him to sign a disclosure form.

9. When Defendant Donovan engaged in the conduct described above, he was acting as an employee and/or agent of Defendant Village Realty and was acting within the scope of that employment and/or agency. Consequently, Defendant Village Realty is liable for that conduct.

10. The units that Defendants offered for rent are dwellings within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

## CLAIM FOR RELIEF

11. Paragraphs 1 through 10 are re-alleged and incorporated by reference as though fully set forth herein. By the conduct described above, Defendant Donovan has:

   a. Refused to negotiate for the rental of, or otherwise made unavailable or denied, dwellings to persons because of race or color, in violation of the FHA, 42 U.S.C. § 3604(a); and

   b. Discriminated against persons in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services in connection with such a dwelling, because of race or color, in violation of the FHA, 42 U.S.C. § 3604(b).

12. By the conduct described above, Defendant Donovan has engaged in:

   a. A pattern or practice of resistance to the full enjoyment of rights granted by the FHA, in violation of 42 U.S.C. § 3614(a); and/or

   b. A denial to a group of persons of rights granted by the FHA, where such denial raises an issue of general public importance, in violation of 42 U.S.C. § 3614(a).

13. Defendant Village Realty is liable for the FHA violations set forth in paragraphs 11 and 12.

14. There are persons who may have been victims of the discriminatory housing practices alleged in this Complaint. Such individuals are "aggrieved persons" as defined in 42 U.S.C. § 3602(i), and may have suffered damages as a result of the discriminatory conduct.

15. The conduct described above was intentional, willful, and taken in disregard for the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court enter an order that:

    a. Declares that Defendant Donovan's actions, policies, and practices, as alleged herein, violate the FHA;

    b. Enjoins Defendants, their agents, employees, and successors, and all other persons in active concert or participation with any of them, from:

        i. Discriminating against any person on the basis of race or color in any aspect of the rental of a dwelling;

        ii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the alleged unlawful practices to the position they would have been in but for the discriminatory conduct; and

        iii. Failing or refusing to take such affirmative steps as may be necessary to prevent recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of the alleged unlawful housing practices;

    c. Awards monetary damages under 42 U.S.C. § 3614(d)(1)(B) to all persons aggrieved by the discriminatory conduct;

    d. Assesses a civil penalty against each Defendant in order to vindicate the public interest, as authorized by 42 U.S.C. § 3614(d)(1)(C) and 28 C.F.R. § 85.3(b)(3); and

e. Awards such additional relief as the interests of justice may require.

## JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 30, 2020

|  |  |
|---|---|
|  | WILLIAM P. BARR<br>Attorney General |
| SETH D. DuCHARME<br>Acting United States Attorney<br>Eastern District of New York | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division |
| /s/ Rachel G. Balaban<br>RACHEL G. BALABAN<br>Assistant United States Attorney<br>271 Cadman Plaza East<br>Brooklyn, New York 11201<br>Phone: 718-254-6028<br>Fax: 718-254-6081<br>E-mail: rachel.balaban@usdoj.gov | SAMEENA SHINA MAJEED<br>Chief<br><br>/s/ Katherine A. Raimondo<br>R. TAMAR HAGLER<br>Deputy Chief<br>KATHERINE A. RAIMONDO<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>4 Constitution Square<br>150 M Street, N.E., 8th Floor<br>Washington, DC 20530<br>Phone: (202) 305-1987<br>Fax: (202) 514-1116<br>Katherine.Raimondo@usdoj.gov<br><br>Attorneys for Plaintiff<br>United States of America |